# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | :   CRIMINAL CASE |
| vs | :   NO.: 2:21-CR-54-SCJ-JCF |
| | : |
| STEVEN MICHAEL BLACKMON | : |

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on the Government's Consent Motion To Hold Evidentiary Hearing In Abeyance (Doc. 26).

In an Indictment filed December 20, 2021, the Government charged Defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts One, Three, Four); transportation of a minor in interstate commerce with intent that the minor engage in sexual activity, in violation of 18 U.S.C. § 2423(a) (Count Two); and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) (Count Five). The Court scheduled a hearing on Defendant's Motion To Suppress Statements And Evidence (Doc. 21) for October 25, 2022 (*see* Doc. 22), but the Government requested that the Court "hold [Defendant's] motion to suppress in abeyance until further notice." (Doc. 26 at 1). The Government represents that Defendant was tried and convicted in the Superior Court of Jackson County, Georgia of 26 counts that charged Defendant with

offenses involving "the same incidents and derive from the same victims as the instant federal indictment." (*Id*. at 2). Defendant was sentenced to 100 years in prison, and he filed a motion for new trial. (*Id*.). The Jackson County Superior Court Judge was unable to conduct a hearing on that motion with Defendant, who was being held at the Robert A. Deyton (RAD) detention facility, so a Superior Court Judge requested that Defendant return to state custody to participate in a motion for new trial hearing scheduled for November 15, 2022. (*Id*.; *see also* Doc. 26-1).

The Government asserts that "[i]t is important for Blackmon to participate in this appeal process, the results of which may inform the government and federal defense counsel on how to proceed with the instant case" and that "[i]t is also important to the victims who testified at the state trial to gain some closure, which would be delayed if Blackmon is not able to participate in his appeal." (*Id*. at 2-3). The Government represents that defense counsel "does not oppose returning Blackmon to state custody" and that because "it is unknown how much time it will take to resolve Blackmon's state appeal, the parties request that this Court hold its proceedings in abeyance until further notice." (*Id*. at 3). The Government states that it "would immediately notify the Court when the state proceedings have fully concluded, and endeavor to transport Blackmon back to federal custody" or "[i]n

the alternative, the Court could hold a status conference in six months." (*Id*). The Government also "requests that the Court exclude this period of delay from Speedy Trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(B), (h)(3)(A), and/or (h)(7)(A)." (*Id*.).

The undersigned **RECOMMENDS** that the Government's Consent Motion To Hold Evidentiary Hearing In Abeyance (Doc. 26) be **GRANTED** and that the hearing on Defendant's motion to suppress (Doc. 21) be continued until the Court holds a status conference in six months. It is further **RECOMMENDED** that this period of delay be excluded from Speedy Trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(B), (h)(3)(A), and/or (h)(7)(A) because the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial because the failure to grant such a continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

**IT IS SO REPORTED AND RECOMMENDED** this 28th day of October, 2022.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge